IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Edward Tyrone Pipkin, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | Criminal No.: 4:05-cr-1129-TLW |
| ) | Civil No.: 4:08-cv-70042-TLW |
| United States of America, ) | |
| ) | |
|     Respondent. ) | |
| _____ ) | |

# ORDER

The petitioner, Edward Tyrone Pipkin ("petitioner"), was indicted on four counts: conspiracy to distribute or possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine; attempted robbery; use and possession of a firearm in furtherance of a drug trafficking crime and a crime of violence; and being a previously convicted felon in possession of a firearm. (Doc. # 30). On September 15, 2006, a jury found the petitioner guilty on all four counts. (Doc. # 144). On March 22, 2007, the petitioner was sentenced to 444 months of imprisonment with 10 years of supervised release to follow. (Doc. # 164). On December 13, 2007, the Fourth Circuit Court of Appeals issued an Order in which it concluded that the petitioner filed a letter in the District Court (Doc. # 169) indicating his intent to appeal. United States v. Pipkin, No. 07-4617 (4th Cir. Dec. 13, 2007) (Doc. # 180). The Fourth Circuit concluded that the letter (Doc. # 169) was dated May 3, 2007, which is within the thirty-day excusable neglect period for filing a notice of appeal, but postmarked May 8, 2007, which is outside the excusable neglect period. United States v. Pipkin, No. 07-4617 (4th Cir. Dec. 13, 2007) (Doc. # 180). Because the petitioner's notice of appeal may

1

have been filed within the excusable neglect period, the Fourth Circuit remanded the case to this Court for a determination of whether the notice should be deemed to have been filed within the excusable neglect period. Id. In an Order dated August 20, 2008, this Court found that the petitioner's notice of appeal was not filed within the excusable neglect period. (Doc. # 200). Because the petitioner's notice of appeal was not timely filed and was not filed within the excusable neglect period, the Fourth Circuit granted the Government's motion to dismiss the appeal. United States v. Pipkin, No. 07-4617 (4th Cir. Nov. 12, 2008) (Doc. # 202).

On March 25, 2008, this Court received a motion by the petitioner under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. # 183). On April 13, 2010, the respondent filed a response in opposition to the petitioner's Section 2255 motion and a motion for summary judgment. (Docs. 227, 228). This Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), giving the petitioner until June 10, 2010, to file a response. (Doc. # 230). On May 10, 2010, the petitioner filed a motion for extension of time to respond to the summary judgment motion. (Doc. # 233). On May 27, 2010, the petitioner filed a "Brief in Support of 2255 Petition." (Doc. # 234). On June 3, 2010, the Court granted the motion for an extension of time, giving the petitioner 30 additional days to file any additional material in response to the Government's summary judgment motion. (Doc. # 235). On June 30, 2010, the petitioner filed another motion for an extension of time. (Doc. # 238). On September 21, 2010, this Court granted the motion, giving the petitioner 30 additional days to complete his response to the motion for summary judgment and warning the petitioner that no further extensions would be given. (Doc. # 250). On October 18, 2010, the petitioner filed an affidavit in response to the Government's motion for summary judgment. (Doc. # 252).

2

**28 U.S.C. § 2255**

United States Code Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). It is established that "[a] petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence." White v. United States, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546 (4th Cir.1958)).

**DISCUSSION**

The petitioner asserts in his Section 2255 motion that his counsel was ineffective for failing to file a notice of appeal. "An ineffective assistance of counsel claim requires a showing that (1) 'counsel's performance was deficient' and (2) 'the deficient performance prejudiced the defense.'" United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)) ("Poindexter"). "[I]n certain circumstances, an attorney is constitutionally required to 'consult' with the defendant concerning the advantages and disadvantages of taking an appeal and to discover the defendant's appellate wishes." Id. at 268 (citing Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000)). Such a duty to consult with a defendant exists "when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably

3

demonstrated to his attorney that he was interested in appealing." Id. (citing Roe, 528 U.S. at 480). In determining whether a duty to consult exists, a court should take into account the totality of the circumstances, "including whether the conviction followed a trial or guilty plea." Id. (citing Roe, 528 U.S. at 480). "[W]here the defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." Id. (citing Roe, 528 U.S. at 480). Conversely, "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Roe, 528 U.S. at 477. If a defendant does not unequivocally instruct his attorney to file an appeal and "his attorney subsequently did not fulfill his consultation obligations, prejudice will be presumed if the defendant can show that, had he received reasonable advice from his attorney, he would have instructed his attorney to file a timely notice of appeal." Poindexter, 492 F.3d at 268-69 (citing Roe, 528 U.S. at 486). "Whether the defendant has met the prejudice standard 'will turn on the facts of [the] particular case.'" Id. at 269 (quoting Roe, 528 U.S. at 485) (alteration in original). "However, 'evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making [the prejudice] determination.'" Id. (quoting Roe, 528 U.S. at 485) (alteration in original).

In the petitioner's affidavit filed in response to the Government's motion for summary judgment (Doc. # 252), the petitioner states that he informed his attorney of his desire to file an appeal when they went over his presentence report. More specifically, he states that he told his attorney to file his notice of appeal along with his objections to the presentence report. He also asserts that at his sentencing hearing, he told the Court "to please just sentence me today so I can come back and challenge this on my appeal." (Doc. # 252). These facts are similar to those in

4

United States v. Witherspoon where Witherspoon argued he told his attorney while they were reviewing his pre-sentence report that he wished to appeal if the court did not uphold any of his objections to the report. 231 F.3d 923, 925 (4th Cir. 2000) ("Witherspoon"). The Fourth Circuit held that Witherspoon's Section 2255 motion should not have been dismissed without an evidentiary hearing. Id. at 927. The facts in this case are different from Witherspoon because the Government argues there is an affidavit in which the petitioner's attorney avers that after the sentencing hearing the attorney asked the petitioner, who was allegedly hostile, about filing an appeal on his behalf and the petitioner responded, using alleged profanity, that he did not want the attorney doing another thing for him. Guest Aff. 4, Jan. 22, 2010 (Doc. # 223).

More specifically, the petitioner has offered evidence as noted herein that he instructed his attorney to file an appeal. In an affidavit, counsel states that the petitioner, using profanity, told counsel to "F*** off" and he did not want counsel to do "another God D*** thing for him" and that the petitioner was informed of his right to appeal. This Court cannot resolve this factual dispute, and a hearing would not resolve the factual question. Counsel for the petitioner is an experienced attorney who concluded there was no request for an appeal. The petitioner says otherwise. This is a close factual question in a case where the petitioner received a substantial sentence. Based on the record before it, this Court finds that the petitioner should be given an opportunity to appeal his conviction and sentence.

This Court concludes that the petitioner has made a sufficient showing. Applying the test the Fourth Circuit outlined in United States v. Poindexter as to when an attorney has a duty to consult with his client about filing an appeal, this Court finds that under these circumstances evidence exists suggesting that the petitioner demonstrated a sufficient interest in filing an appeal.

5

Poindexter, 492 F.3d at 268-69 (citing Roe, 528 U.S. at 480). Additionally, the Court also applies the reasoning set forth in Roe v. Flores-Ortega, as the petitioner proceeded to trial rather than entering a guilty plea. See Roe, 528 U.S. at 480; see also Witherspoon, 231 F.3d at 926 (quoting Roe, 528 U.S. at 478) (discussing what the duty to consult entails). In conclusion, counsel should not be held to a burden he cannot meet when a client behaves in a non-cooperative and hostile manner. However, in light of the factual dispute in this particular case, for the reasons set forth, this Court will allow the filing of an appeal by the petitioner.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that the petitioner's motion for relief under 28 U.S.C. § 2255 (Doc. # 183) is **GRANTED** only with respect to the petitioner's claim that his attorney did not timely file a notice of appeal on his behalf. Therefore, this Court vacates the petitioner's sentence of conviction and immediately reinstates and reimposes his conviction. **The petitioner shall have 14 days from the filing date of this Order to file a notice of appeal of his original conviction and sentence.** The remainder of the claims made by the petitioner in his 28 U.S.C. § 2255 motion (Doc. # 183) are **DISMISSED** without prejudice. See United States v. Killian, No. 01-7470, 22 Fed. Appx. 300, 2001 WL 1635590 (4th Cir. Dec. 20, 2001).

In addition, the Clerk of Court is directed to refer this case to the Magistrate Judge assigned to it for purposes of appointing an attorney to assist the petitioner with his appeal. See id.

**IT IS SO ORDERED.**

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

March 23, 2011
Florence, South Carolina