IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Edward Tyrone Pipkin, | Crim. No. 4:05-cr-01129-TLW |
| | C/A No. 4:13-cv-01649-TLW |
| PETITIONER | |
| | |
| v. | **Order** |
| | |
| United States of America, | |
| | |
| RESPONDENT | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Edward Tyrone Pipkin. For the reasons stated below, the Court dismisses the motion.

## I.    Factual and Procedural History

Petitioner was charged in a four-count indictment with (1) drug conspiracy; (2) Hobbs Act robbery; (3) using, carrying, and possessing firearms in furtherance of drug trafficking and violent crimes; and (4) felon in possession of a firearm and ammunition. After a four-day trial, the jury convicted him on all four counts. The Court sentenced him to a total aggregate sentence of 444 months.[1]

He filed an untimely notice of appeal, and the Fourth Circuit granted the Government's motion to dismiss the appeal. He then filed a § 2255 motion claiming, *inter alia*, that his trial counsel did not timely file a notice of appeal. The Court granted the motion as to that claim, vacated and immediately reinstated his convictions, and dismissed the remainder of the claims

---

[1] This sentence consisted of 360 months on Counts 1 and 4, 240 months on Count 2, and 84 months consecutive on Count 3.

without prejudice.  He then filed a direct appeal, and the Fourth Circuit affirmed.  *United States v. Pipkin*, 464 F. App'x 168, 170 (4th Cir. 2012).

On June 13, 2013,[2] Petitioner timely filed this § 2255 motion, setting forth two grounds for relief:  ineffective assistance of counsel and prosecutorial misconduct.  ECF No. 303.  On July 24, 2013, the Government filed a response in opposition and a motion for summary judgment, ECF Nos. 318, 319, and trial counsel filed an affidavit, ECF No. 320.  On June 26, 2013, Petitioner filed a reply.  ECF No. 323.

This matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence.  A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following:  (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).  "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  *Leano v. United States*, 334 F. Supp. 2d 885, 890

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

(D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III.    Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.    Discussion

As noted above, Petitioner asserts two grounds for relief in his § 2255 petition—

ineffective assistance of counsel and prosecutorial misconduct.

### A.     Ineffective assistance of counsel

He makes sixteen arguments in support of his position on the ineffective assistance ground:  (1) counsel did not subpoena witnesses as requested; (2) counsel did not seek a plea agreement; (3) counsel did not ask questions that Petitioner wanted asked and did not recall witnesses back to the stand; (4) counsel withheld evidence from the trial; (5) counsel did not investigate the case; (6) counsel allowed witnesses to commit perjury; (7) counsel did not file a motion based on the Speedy Trial Act; (8) counsel did not give Petitioner all of the discovery; (9) counsel "was Ineffective for not filing motion(s) on rule(s) of evidence"; (10) counsel delayed trial to go on vacation; (11) counsel failed to file objections to the Presentence Investigation Report ("PSR"); (12) counsel conspired with the trial judge and Government; (13) counsel did not make conflict of interest or stipulation motions at a motion hearing; (14) counsel did not make timely objections at trial; (15) counsel did not have witnesses sequestered during trial; and (16) counsel made Petitioner "sign Stipulation Plea Involuntarily."  ECF No. 303 at 5–9.

To prevail on an ineffective assistance of counsel claim, Petitioner must show (1) that counsel's acts or omissions fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).  Failure of proof on either prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).  There is "a strong presumption that counsel's conduct falls within the wide range of professional assistance," and Petitioner has the burden of overcoming this presumption.  *Strickland*, 466 U.S. at 689.  An ineffective assistance of counsel allegation requires the submission of specific facts in support of the claim.  *See*

*United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000).

### 1.     *Failure to subpoena witnesses*

In Petitioner's first claim on the ineffective assistance ground, he lists several witnesses who he says should have been called by counsel, and he explains, very briefly and in a difficult-to-understand fashion, what they would have testified about.  ECF No. 323 at 3–5.  In counsel's affidavit, he states that Petitioner and he discussed possible witnesses, but they determined that the witnesses' testimony was either not necessary or would do more harm than good, and that Petitioner understood and agreed to get his evidence to the jury through cross-examination of Government witnesses and through his own testimony.  Guest Aff. ¶ 13, ECF No. 320.

Counsel's decisions on which, if any, witnesses to call are strategic, trial decisions.  "The Constitution does not oblige counsel to present each and every witness that is suggested to him." *United States v. Balzano*, 916 F.2d 1273, 1294 (7th Cir. 1990); *see also Strickland*, 466 U.S. at 690 (concluding that counsel's strategic actions at trial are "virtually unchallengeable").  It cannot be said that counsel's decision not to call certain witnesses fell below an objective standard of reasonableness.  Furthermore, Petitioner does not explain why their testimony would have made the outcome of the trial any different.  Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim.

### 2.     *Failure to negotiate plea agreement*

In Petitioner's second claim on the ineffective assistance ground, he asserts that his counsel was ineffective in failing to negotiate a plea agreement with the Government.  The argument is belied by the record.  At a pretrial hearing on August 31, 2006, the Government told the Court that the Government had made an offer that, in the AUSA's estimation, could result in

a sentence of about 15 or 16 years after a downward departure motion.  Hr'g Tr. 31:18–23, Aug. 31, 2006, ECF No. 275.   Additionally, in counsel's affidavit, he states that Petitioner was informed that he had earned a downward departure motion and would be looking at a sentence of less than 20 years, but that he still said he wanted to go to trial.  Guest Aff. ¶ 14.  There is no merit to this claim.

### 3.    *Failure to ask questions and recall witnesses*

In Petitioner's third claim on the ineffective assistance ground, he contends that counsel was ineffective in failing to ask certain questions and failing to recall certain witnesses to the stand.  Like with counsel's decisions about which witnesses to call at trial, counsel's decisions on what questions to ask are strategic trial decisions.  Just as counsel has no obligation to call every witness suggested, he also has no obligation to ask every question suggested.  *See Balzano*, 916 F.2d at 1294; *see also Strickland*, 466 U.S. at 690 (concluding that counsel's strategic actions at trial are "virtually unchallengeable").  It cannot be said that counsel's decisions not to ask certain questions or recall witnesses fell below an objective standard of reasonableness.  Furthermore, Petitioner's only explanation about how this would have affected the trial is that "the jury would [have] had a better picture of the case presented to them," ECF No. 323 at 21, which is not enough to adequately explain why their testimony would have made the outcome of the trial any different.   Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim.

### 4.    *Withholding evidence*

Petitioner's fourth claim on the ineffective assistance ground is largely incomprehensible. He appears to be stating that his wife and he were in possession of various letters and tapes that

would have had some sort of impact on his case. However, he does not make clear what the evidence is or what impact it would have had on his case. Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim.

### 5.     *Failure to investigate*

Petitioner's fifth claim on the ineffective assistance ground is devoid of factual support. He claims generally that counsel failed to investigate that case and was unprepared for trial. To the contrary, counsel did an admirable job and ably represented his client, as the Court noted on several occasions. *See, e.g.*, Sentencing Tr. 23:21–25, Mar. 8, 2007, ECF No. 277 ("But this case was well tried, [defense counsel] has a lot of experience as a trial lawyer, and I think he tried your case as well as it could be tried under the circumstances, and the jury reached a verdict after full consideration of all the evidence in the case."). Petitioner's dissatisfaction with the outcome of his trial does not mean that counsel was ineffective. There is no merit to this claim.

### 6.     *Witness perjury*

In Petitioner's sixth claim on the ineffective assistance ground, he argues that counsel was ineffective in allowing the Government and witnesses to mislead the jury and the Court. Like many of his previous claims, it is not clear what he is arguing. He appears to be stating that trial counsel had "evidence(s), tape(s), and statement(s)" in his possession that would have contradicted the testimony of two of the Government's witnesses. *See* ECF No. 323 at 27. Petitioner's bare description of this evidence is not sufficient to satisfy either *Strickland* prong on this claim.

### 7.    *Speedy Trial Act violations*

In Petitioner's seventh claim on the ineffective assistance ground, he argues that counsel was ineffective in failing to file a motion to dismiss pursuant to the Speedy Trial Act, and he objects to counsel having gone on vacation between being appointed on the case (after the prior attorney was relieved at Petitioner's request) and the trial.  The Court notes that it granted multiple ends of justice continuances in this case, some at Petitioner's request and some not.  The Court further notes that Petitioner bears much of the responsibility for the delay in his trial, having flooded the Court with twenty-six pro se pretrial motions, including a motion under the Speedy Trial Act, and twice seeking to be appointed a new attorney (once successfully).  Furthermore, he has not demonstrated that there was, in fact, any Speedy Trial Act violation at all.

Petitioner has failed to demonstrate that counsel's decision to not file a motion under the Speedy Trial Act fell below an objective standard of reasonableness.  Furthermore, Petitioner does not adequately explain how the outcome would have been different if counsel had filed such a motion, particularly because Petitioner had filed his own pro se motion under the Speedy Trial Act.  ECF No. 89.  Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim.

### 8.    *Discovery*

In Petitioner's eighth claim on the ineffective assistance ground, he asserts that counsel was ineffective for not providing him with discovery.  However, in counsel's affidavit, he states that, prior to Petitioner deciding to go to trial, a copy of the discovery information was shared with him and that all of the discovery was reviewed with him by trial counsel and his prior

counsel.  Guest Aff. ¶ 12.

Petitioner does not describe the specific discovery that was allegedly withheld from him, nor does he explain with any specificity how obtaining it earlier would have resulted in a different outcome at trial.  Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim.

### 9.    *Evidentiary objection*

Petitioner's ninth claim on the ineffective assistance ground is not clear, but he appears to be asserting that counsel was ineffective in failing to file either a motion in limine regarding the admissibility of various tapes or a motion compelling the Government to produce these tapes. However, at the pretrial motion hearing on August 31, 2006, the parties and the Court discussed various tapes and the Government indicated that it had already turned over all of the tapes or that it would do so as soon as possible.

There is no indication that any tapes that were required to be turned over were not turned over, and Petitioner has not explained with any specificity how any actions or inactions regarding these tapes would have resulted in a different outcome at trial.  Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim.

### 10.    *Trial delay*

In Petitioner's tenth claim on the ineffective assistance ground, he asserts that counsel was ineffective in requesting at a pretrial hearing on July 27, 2006 that the case be set for trial in September 2006.  Counsel asserted at the hearing that he needed additional time to review discovery and requested protection for ten days in the middle of August to allow him to go on a prepaid family vacation.  Petitioner asserts that the Government would not have been ready for

9

trial in August, but at the hearing in July, the Government said that they were ready to proceed with the trial at that time.  After hearing from the parties, the magistrate judge issued an ends of justice continuance based on the complexity of the case, the number of witnesses involved, the fact that counsel was only recently appointed to the case, and that there were over forty pending motions (mostly pro se motions) and another twenty pro se motions expected to be filed.

Petitioner has failed to demonstrate that counsel's decision to seek a trial in September, particularly when he had only been appointed to the case at the end of May, fell below an objective standard of reasonableness.  Furthermore, Petitioner does not adequately explain how the outcome would have been different if the case had proceeded to trial in August. Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim.

### 11.    *PSR objections*

In Petitioner's eleventh claim on the ineffective assistance ground, he asserts that counsel was ineffective in failing to file various objections to the PSR.  However, counsel did file an objection regarding whether the Government had to charge previous convictions in the indictment, and the Court ruled on this objection.   Sentencing Tr. 2:14–3:6, 18:23–19:16. Counsel also noted that he had no intention of filing frivolous objections, even if instructed to do so by Petitioner, and the Court said that it would not expect counsel to do so.  *Id.* 8:5–8.  Then, when the Court gave Petitioner an opportunity to assert his own objections, he asserted objections regarding his prior drug offenses and a two-point enhancement for bodily injuries sustained by the robbery victim, and the Court ruled on these objections.  *Id.* 3:7–8:1.  He said that he had no other objections to the PSR.  *Id.* 10:4–7, 19:18–20:2.

Petitioner has failed to demonstrate that counsel's refusal to file additional objections to the PSR fell below an objective standard of reasonableness or that the outcome would have been

different if counsel had filed any additional objections.  Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim.

### 12.     *Conspiracy*

In his twelfth claim on the ineffective assistance ground, he asserts that his counsel conspired with the Government and the Court to convict and sentence him.  To the contrary, the Court recognized that counsel had tried the case as well as it could be tried.  *Id.* 23:21–25.  There is no evidence of any conspiracy between the Government and defense counsel, nor is there any reason to believe that such evidence exists.  Additionally, all conversations between both counsel and the Court were on the record in open court.  There is no merit to this claim.

### 13.     *Conflict of interest*

In Petitioner's thirteenth claim on the ineffective assistance ground, he asserts that counsel was ineffective because he had a conflict of interest.  To establish ineffective assistance of counsel based on a conflict of interest, he must show that (1) counsel had an actual conflict of interest; and (2) this conflict adversely affected counsel's performance.  *United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007).  "An attorney has an actual conflict when he actively represents conflicting interests."  *United States v. Tatum*, 943 F.2d 370, 375 (4th Cir. 1991).  Additionally, a defendant  may waive his right to conflict-free representation.  *United States v. Brown*, 202 F.3d 691, 697 (4th Cir. 2000).

Prior to the trial in this case, Petitioner's initial attorney was relieved and a second attorney was appointed for trial.  In the middle of the trial, it was discovered that trial counsel had prosecuted Petitioner on drug charges when counsel was a state prosecutor approximately ten years earlier.  Counsel had no recollection of the prior prosecution.  Guest Aff. ¶ 18.  The

11

Court discussed the issue with counsel and the Court noted that it did not see it as an issue that would prevent counsel's continued representation of Petitioner.  The Court also questioned Petitioner about the issue and he said that he was satisfied with counsel's representation and wanted his representation to continue:

> THE COURT:  You're in trial, Mr. Pipkin, your lawyer has a lot of experience handling narcotic cases.  He's been pretty tough on some of the Government witnesses.
>
> THE DEFENDANT: Your Honor, I think he did a good job, too.  I think he's doing pretty good handling my case.  I don't see no problem with him continuing my case, you know, because what the result is going to be is going to be the result, either now or later.  So you know, I just thank God, this is going pretty good, and I'll just give him a chance to finish up what he done, how about that?
>
> . . . .
>
> THE COURT:  Apparently Mr. Pipkin wants to proceed with Mr. Guest as his lawyer, is that correct, Mr. Pipkin?
>
> THE DEFENDANT: Yes, sir.  He's doing a good job.

Trial Tr. 130:24–131:22, Sept. 13, 2006, ECF No. 272.  Accordingly, counsel continued his representation of Petitioner and the trial proceeded.

There was no conflict of interest in this case, as counsel did not represent conflicting interests.  The fact that he was a former prosecutor and that he had prosecuted Petitioner in an unrelated case did not present a conflict.  Additionally, even if there was a conflict, it was waived by Petitioner and there is no reason to believe that it affected counsel's performance.  There is no merit to this claim.

### 14.    *Trial objections*

In Petitioner's fourteenth claim on the ineffective assistance ground, he asserts that counsel was ineffective in failing to make various objections to trial testimony.  He mentions

several individuals and says that counsel should have objected to some or all of their testimony. However, he does not fully explain the grounds for the objections that he asserts should have been made, why counsel's failure to raise these objections fell below an objective standard of reasonableness, or why there is a reasonable probability that making the objections would have resulted in a different outcome. In sum, he has failed to adequately explain this claim. Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim.

### 15.    *Witness sequestration*

In Petitioner's fifteenth claim on the ineffective assistance ground, he asserts that counsel was ineffective in not requiring his wife and "Mrs. Lewis" to be out of the courtroom during the trial pursuant to the Court's sequestration order. It is not clear why he believes this makes any difference.

Petitioner does not explain who "Mrs. Lewis" is, but she may be Officer Tracey Lewis with the Georgetown County Sheriff's Office. Officer Lewis was solely a chain-of-custody witness who testified about receiving a bullet from a hospital employee and transferring it to an FBI agent. It is not completely clear from the record, but it appears that she was permitted to stay in the courtroom pursuant to Rule 615 of the Federal Rules of Evidence as she was part of the investigative team. In any event, he has not asserted why any actions by counsel with respect to her fell below an objective standard of reasonableness or why there is a reasonable probability that handling her testimony differently would have resulted in a different outcome. Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim regarding "Mrs. Lewis."

Petitioner implies that his wife was unable to testify for him because of her presence during the trial. However, he does not state what testimony she would have offered if she had

been permitted to testify.  Furthermore, it is not clear that she was prevented from testifying in the first place.  He has not asserted why any actions by counsel with respect to Petitioner's wife fell below an objective standard of reasonableness or why there is a reasonable probability that handling her differently would have resulted in a different outcome.  Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim regarding his wife.

### 16.    *Stipulation*

In Petitioner's sixteenth claim on the ineffective assistance ground, he asserts that counsel was ineffective in allowing him to sign a stipulation to being a convicted felon.  To the contrary, his options regarding a stipulation were thoroughly discussed with him by his counsel and the Court, and the Court repeatedly informed him that the decision was his to make.  The Court informed him that if he did not agree to stipulate to being a convicted felon, the Court would have to allow the Government to prove to the jury that element of the felon in possession charge, which would have included information about his prior convictions, most notably his three prior convictions for cocaine distribution.  This, of course, would have been more damaging to him than simply informing the jury that he had agreed that he was a convicted felon.  After he signed the stipulation, the Court noted his good judgment on that point, stating, "I think you made a good decision, frankly."  Trial Tr. 7:13–14, Sept. 14, 2006, ECF No. 273.  There is no merit to this claim.

### B.    Prosecutorial misconduct

He makes six arguments in support of his position on the prosecutorial misconduct ground:    (1) the Government improperly withheld evidence from the defense; (2) the Government used a witness who claimed he was incompetent; (3) the Government introduced

prejudicial evidence; (4) the Government improperly filed conspiracy charges against him; (5) the Government withheld information from the defense; and (6) the Government improperly allowed its investigating agents to sit with the prosecutor at trial.  ECF No. 303 at 10–12.

### 1.     *Withholding evidence*

In Petitioner's first claim on the prosecutorial misconduct ground, he asserts that there were several recordings that the Government had in its possession that it did not turn over to the defense.  However, he does not explain in any detail what these recordings would have shown or how they would have affected the outcome of his case.  Accordingly, the Court concludes that he has not adequately supported this claim and is not entitled to relief.

### 2.     *Incompetent witness*

In Petitioner's second claim on the prosecutorial misconduct ground, he asserts that the Government used a witness, Thomas Dixon Jr., who allegedly claimed that he was incompetent at his own criminal proceeding.  Petitioner does not explain why this was misconduct on the prosecutor's part, but in his reply, he seems to be alleging that his counsel was ineffective in not properly questioning Dixon about this issue.  However, counsel did question him about the issue, and he acknowledged that he was evaluated because of an issue with his mental capacity.  Trial Tr. 169:16–22, Sept. 13, 2006.  Petitioner has not demonstrated how any actions by counsel with respect to this witness fell below an objective standard of reasonableness or why there is a reasonable probability that handling his testimony differently would have resulted in a different outcome, particularly given the limited scope of his testimony.[3]   Accordingly, the Court

---

[3] Dixon was a fellow jail inmate who testified generally that, while they were in jail together, Petitioner bragged about his drug dealings.  Trial Tr. 163:22–165:12, Sept. 13, 2006.

concludes that Petitioner has not satisfied either *Strickland* prong on this claim and has not set forth a plausible claim of prosecutorial misconduct.

### 3.    *Prejudicial evidence*

In Petitioner's third claim on the prosecutorial misconduct ground, he asserts that the Government introduced a recording of a conversation between Petitioner and an informant in which Petitioner "ma[de] prejudice statement(s)."  ECF No. 323 at 66.  Though he included this in the prosecutorial misconduct ground, he makes an ineffective assistance argument— specifically, that counsel should not have allowed the tape to be introduced because it prejudiced him and caused the jury to not remain in "a neutral state of mind at all time."  *Id.* at 66–67.  The fact that evidence was introduced at trial that was not favorable to Petitioner does not mean that there was misconduct on the part of the prosecutor or that counsel was ineffective in somehow preventing the introduction of that evidence.  There is no merit to this claim.

### 4.    *Conspiracy charge*

In Petitioner's fourth claim on the prosecutorial misconduct ground, he asserts that he was improperly charged with conspiracy because he had initially been brought in on a Hobbs Act offense.  He asserts that the Government did not seek a conspiracy charge from the grand jury.  To the contrary, the first count in the Indictment, signed by the grand jury foreperson and the prosecutor, was a conspiracy charge.  Furthermore, the Criminal Complaint and arrest warrant both included a conspiracy offense, as well as a Hobbs Act offense.  There is no merit to this claim.

5.    *Withholding evidence*

Petitioner's fifth claim on the prosecutorial misconduct ground is not clear.  He appears to be arguing that there was some misconduct on the prosecutor's part in allegedly withholding information about the purported conflict of interest and the stipulation.  These issues were discussed in some detail in his thirteenth and sixteenth claims, respectively, on the ineffective assistance ground.  There is no indication of any misconduct on the part of the prosecutor.  There is no merit to this claim.

6.    *Investigating agents at trial*

In Petitioner's sixth claim on the prosecutorial misconduct ground, he asserts that the Government's investigative agents, specifically "Mrs. Lewis" (presumably Officer Tracey Lewis with the Georgetown County Sheriff's Office), should not have been permitted to stay in the courtroom during the trial pursuant to the Court's sequestration order.  This matter was addressed in his fifteenth claim on the ineffective assistance ground.  There is no merit to this claim.

## V.    Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 319, is **GRANTED** and Petitioner's motion for relief pursuant to § 2255, ECF No. 303, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires

17

that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

_s/ Terry L. Wooten_
Terry L. Wooten
Chief United States District Judge

April 20, 2015
Columbia, South Carolina