UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, <br><br> v. <br><br> Edward Tyrone Pipkin | Crim. No. 4:05-cr-01129-TLW-2 <br><br> **Order** |

This matter is before the Court on Edward Pipkin's ("Pipkin") motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains provisions that apply retroactively and allow for reduction of previously imposed drug sentences. Reduction is within the discretion of the sentencing judge. While Pipkin is eligible for a reduction, the Court concludes, for the reasons stated in this Order, that a reduction under the First Step Act is not appropriate.

Pipkin was convicted at trial of the following charges:

Count 1: Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 846;

Count 2: Attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 1951;

Count 3: Using, Carrying, and Possessing a Firearm During and in Relation to, and in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A); and

Count 4: Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

His statutory sentencing range on Count 1 was 20 years to Life, followed by at least 10 years of supervised release. PSR ¶¶ 89, 92. His Guidelines range at sentencing on Count 1 was 360 months to Life (41/IV), followed by 10 years of supervised release. PSR ¶¶ 90, 95. On March 22, 2007 the Court imposed an overall sentence of 444 months (37 years), consisting of 360 months on Counts 1 and 4, 240 months on Count 2, and 84 months consecutive on Count 3, followed by a 10-year term of supervised release. ECF No. 164.

This Court recently addressed a previous request for a reduction by Pipkin. On November 1, 2014, the United States Sentencing Commission enacted Amendment 782 to the Guidelines, which reduced by two levels those offense levels assigned to drug quantities in U.S.S.G. §§ 2D1.1 and 2D1.11. U.S.S.G. App. C, amend. 782 (Supp. 2014). Based on the retroactive relief provided for in Amendment 782, his sentence was reduced to 420 months (35 years) in 2016. ECF No. 350. On April 17, 2023, Counsel for Pipkin filed a Motion raising an issue related to a guidelines miscalculation and requesting a sentence reduction pursuant to Amendment 782. ECF No 434. In the Motion, Counsel for Pipkin asserted that the reduction Pipkin received in February 2016 was based on an improperly calculated Guideline range that was undiscovered by counsel for either Pipkin or the Government. *Id*. Counsel for Pipkin was correct and the Government agreed. Accordingly, Pipkin requested that the Court reduce his sentence, pursuant to Amendment 782, into the appropriately calculated Guideline reflected in the Amended Sentence Reduction Report filed on June 29, 2020. ECF No. 393. On December 8, 2023, the Court granted

the sentence reduction pursuant to Amendment 782 enacted by the U.S. Sentencing Commission that applies retroactively. ECF No. 445. Pipkin was sentenced within the applicable Guideline range to 360 months (30 years), consisting of 276 months on Counts 1 and 4, 240 months on Count 2, and 84 months consecutive on Count 3. ECF No. 445.[1]

## II.     Eligibility for Relief Under the First Step Act

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams.

Because Pipkin was also convicted of conspiring to possess with intent to distribute 5 kilograms or more of cocaine, his statutory penalties would have been the same if the Fair Sentencing Act had been in place at the time of his original

---

[1] The Court notes that the question of a reduction pursuant to Amendment 782 was raised by Pipkin in his Motion to Reduce Sentence, ECF No. 434, and in his Third Motion to Reduce Sentence, ECF No. 438. The Court granted a reduction on December 12, 2023. ECF No. 445. Accordingly, to the extent that Pipkin raises these issues in his First Step Act briefing, the issue has been resolved by the Court.

sentencing. However, the Fourth Circuit has held that a defendant convicted of a multi-object drug conspiracy involving crack and some other drug is still eligible for a reduction even though the Fair Sentencing Act only modified the penalties associated with crack. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Thus, he is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).[2]

### III. Applicable Guideline Range

Having determined that Pipkin is eligible for a sentence reduction under the First Step Act, it is necessary to determine what the "benchmark Guidelines range" is in his case. *Concepcion v. United States*, 142 S. Ct. 2389, 213 L. Ed. 2d 731 (2022). Having reviewed the applicable Amended Sentence Reduction Report, ECF No. 393, the Court finds that Pipkin's Guidelines range is 262 to 327 months, plus an additional 84 months for a total range of 346 to 411 months. This range is based on a criminal history category IV and a total offense level 36. *Id.* At the time Pipkin was sentenced, his Guidelines range was 360 months to Life, plus 84 months consecutive on Count 3. PSR ¶ 90. Pipkin is currently serving a 360-month sentence, having benefitted from a reduction in his Guidelines range due to an amendment to the Guidelines made retroactively applicable by the Sentencing Commission. ECF No.

---

[2] In Pipkin's original motion, ECF No. 380, he requested a full resentencing hearing. *See* ECF No. 380 at 8. This request was not renewed in his Amended Motion for Re-Sentencing, ECF No. 439. To the extent which Pipkin seeks a full resentencing, the Court finds that he is not entitled to one here. *See, e.g., United States v. Wirsing*, 943 F.3d 175, 181 n.1 (4th Cir. 2019) ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

445. His current sentence consists of 276 months on Counts 1 and 4, 240 months on Count 2, and 84 months consecutive on Count 3. *Id*.

Pipkin urges the Court to take into consideration non-retroactive changes to the Guidelines from which he may now benefit. In support of this request, Pipkin cites to the Supreme Court's holding in *Concepcion*, which acknowledges that non-retroactive changes are "relevant and probative information." *Concepcion*, 142 S. Ct. at 2403. When considering a First Step Act sentence reduction, the Court is required to recalculate the Guidelines based only on *retroactive* Guidelines changes. *United States v. Chambers*, 956 F.3d 667, 668 (4th Cir. 2020).

The record reflects, and the Government does not dispute, that Pipkin would not be an Armed Career Criminal if sentenced today. ECF No. 439 at 12. Pipkin asserts that, if sentenced without the ACCA enhancement, he would face a total Guidelines range of 319 to 387 months, as his criminal history category would be reduced from IV to III. *Id*. The Court emphasizes that Pipkin is currently serving a 360-month (30 year) sentence. Pipkin's 360-month sentence falls within both the Guidelines range made applicable following the enactment of Amendment 782 (346 to 411 months) and the Guidelines range that would apply were Pipkin sentenced without the ACCA enhancement (319 to 387 months). The Court reiterates that the 360-month sentence, which falls within both Guidelines ranges, is an appropriate sentence based on Pipkin's criminal conduct in connection with the instant federal offense and the significance of his criminal history.

## IV.    Appropriateness of Sentence Reduction

Though Pipkin is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Gravatt* did not address whether a particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Gravatt*, 953 F.3d at 264.

The Fourth Circuit has concluded that the appropriate analysis is for the Court to "determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances." *United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir. 2021). In making that determination, the Court is required to recalculate the Guidelines in light of intervening case law and reconsider the § 3553(a) factors, including the defendant's post-conviction conduct. *Id.* As stated previously, Pipkin's Guidelines range is appropriately calculated as 262 to 327 months, plus an additional 84 months for a total range of 346 to 411 months. Having established the appropriate Guidelines range, the § 3553(a) factors warrant discussion.

### i.    *Pipkin's Post-Sentencing Behavior*

Pipkin argues, citing *Concepcion* and *Troy*, that the Court is required to consider his post-conviction rehabilitation as part of its First Step Act analysis. ECF No. 439 at 6. Having reviewed the decisions in *Concepcion*, *Troy*, and *McDonald*, the

Court concludes that it is required to consider Pipkin's post-sentencing conduct.[3] The Court has chosen to analyze Pipkin's arguments related to his post-sentencing conduct here. Pipkin asserts that he has "demonstrated significant post-sentencing rehabilitation by his personal development and growth while in the BOP." ECF No. 439 at 7. In support of this assertion, Pipkin cites to his disciplinary record while in the Bureau of Prisons ("BOP") and acknowledges that he has been disciplined "intermittently through the years" for "mostly minor violations." *Id*. A review of Pipkin's disciplinary record while in BOP custody reveals approximately 15 violations. ECF No. 439-1 at 16-19. These violations include fighting, possessing a hazardous tool, insolence to staff, refusing to obey orders, and lying. *Id*. While Pipkin argues that these violations are "mostly minor," the Court notes his repeated misconduct and finds it is more than "minor" misconduct.

Pipkin next asserts that he has demonstrated "extraordinary work ethic and personal self-improvement" while in BOP custody. ECF No. 439 at 8. In support of this argument Pipkin cites to his programming records which document that he has completed 22 courses during his term of incarceration. *Id*. Of note is Pipkin's completion of his GED while in custody and his work with Unicorp. *Id*. The Court does not seek to diminish the positive activities that Pipkin has engaged himself in while in BOP custody. However, Pipkin's positive conduct while in BOP custody must

---

[3] The Court notes that the First Step Act *allows* district courts to consider intervening changes of law in exercising their discretion to reduce a sentence pursuant to the First Step Act. Additionally, district courts are obligated to explain their decisions and demonstrate that they considered the parties' nonfrivolous arguments. See *Concepcion*, 142 S. Ct. at 2395 (2022).

be evaluated in light of other significant, relevant conduct that weighs against a sentence reduction.

While Pipkin has shown some progress in connection with respect to post-sentencing rehabilitation, (1) the facts of his federal offense, outlined in this order, (2) coupled with his prior criminal record, weigh against a reduction under the First Step Act. The Court will provide more detailed analysis of these factors in its evaluation of the Title 18 U.S.C. § 3553(a) sentencing factors.

### ii.   *Evaluation of the § 3553(a) Factors*

Title 18 U.S.C. § 3553(a) requires that the Court impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). In determining what an appropriate sentence is in this case, the Court has carefully considered the nature and circumstances of Pipkin's instant offense along with his history and characteristics. The Court notes that Pipkin was a significant drug dealer. He participated in an attempted armed robbery of another drug dealer. PSR ¶ 9. Pipkin's significant criminal history, which includes a series of convictions prior to his involvement in the instant federal offense must be considered. *See* PSR ¶¶ 18 – 22. Given Pipkin's criminal history and the seriousness of his federal conviction, the Court is conscious of the need, as required by § 3553(a)(2)(A), for Pipkin to serve a sentence that reflects the seriousness of his federal offense. The Court is also cognizant of the fact that, despite serving a prior state prison sentence on drug charges, Pipkin continued to involve himself in serious criminal conduct that led to the federal sentence he is now serving. Pipkin's continued criminality raises a

serious concern and underscores the need for Pipkin to serve a sentence that will promote respect for the law and provide adequate deterrence to criminal conduct. *See* §§ 3553(a)(2)(A)-(B). While the Court has considered all of the § 3553(a) factors, which weigh against a sentence reduction, it is necessary to further analyze Pipkin's instant federal offense and criminal history.

### iii. *Pipkin's Instant Federal Offense*

The Court will explain in further detail why it concludes a reduction is not appropriate under the First Step Act. The facts related to Pipkin's federal conviction bear repeating. Pipkin—an armed drug dealer—and others formed a conspiracy to distribute both cocaine and cocaine base in the Georgetown and Horry County region of South Carolina. PSR ¶ 9. Pipkin was indicted for his role in the conspiracy on October 25, 2005. ECF No. 30. He proceeded to trial in his case. ECF Nos. 136-144. Based on the trial testimony of 12 individuals, Pipkin was held accountable for large amounts of drugs, specifically, 37.7 kilograms of powder cocaine and 1.495 kilograms of crack cocaine, significant drug amounts. PSR ¶ 11. In addition to drug dealing, Pipkin and an accomplice, Mecca Evans, robbed Rodrigo Aguilar, a rival drug dealer, at gunpoint on October 5, 2005. *See*, ECF No. 271 at 47-94 (Rodrigo Aguilar Trial Testimony). Specifically, Pipkin and Evans approached Aguilar outside of his apartment, with each man pointing a gun at him. PSR ¶ 12. The men demanded money and keys to Aguilar's vehicle before attempting to pull him into a dark walkway. *Id*. When Pipkin and Evans attempted to search Aguilar's pockets he broke free and ran away. *Id*. Aguilar testified at trial regarding the attempted armed

robbery. ECF No. 271 at 47-94.

At trial, Pipkin testified on his own behalf. PSR ¶ 15. During his testimony, Pipkin denied dealing drugs and discounted an admission he made to the FBI concerning his drug dealings. *Id*. He also disputed the facts given concerning the armed robbery. The jury did not find his testimony persuasive or credible as he was found guilty on all charges. *Id*. At sentencing Pipkin received an adjustment for obstruction of justice. PSR ¶¶ 39, 46, & 53.

The significance of these facts is clear. Pipkin was an armed drug dealer. He dealt significant quantities of cocaine and cocaine base. Further, Pipkin engaged in violent conduct in connection with his participation in a major drug conspiracy. He committed an attempted armed robbery of a rival drug dealer during which he and an accomplice armed themselves and confronted the victim outside of his home. At trial, Pipkin discounted and disputed the facts surrounding his conduct. As stated, he was convicted. These facts, coupled with his involvement as a drug dealer, warrant a substantial sentence.

### iv.    *Pipkin's Significant Criminal History*

Pipkin has a lengthy criminal record which the Court will evaluate pursuant to § 3553(a), the "nature and characteristics" of the defendant, along with the additional factors found in §3553(a)(2)(A), (B), and (C). He has multiple prior criminal convictions. He has convictions that include violent conduct. Prior to his arrest for the instant federal offense, Pipkin was convicted of Accessory to Felony After the Fact (1993), Criminal Domestic Violence (1994), and Criminal Domestic Violence (1995).

PSR ¶¶ 18 – 22. Notably, he was convicted of three counts of Distribution of Cocaine (1995). *Id*. He received a five (5) year sentence on each count which was suspended to five (5) years probation. *Id*. His probation was revoked, and he was sentenced to four (4) years of incarceration. *Id*. Pipkin argues that he has experienced "post-sentencing self-growth" and that his past criminality was the result of "adverse childhood experiences." ECF No. 439 at 2. Additionally, Pipkin argues that he presents a low risk of recidivism and will have meaningful family support when released. *Id*. While considered by the Court, these arguments are not persuasive in light of the offense of conviction and Pipkin's criminal history. His criminal history is significant. Similarly, the conduct in the current federal case was significant as Pipkin was a major drug dealer and used violence in connection with drug activities. The serious crimes committed by Pipkin warrant the significant punishment imposed in his case, and provide adequate deterrence and protect the public.

In considering whether to reduce Pipkin's 360-month sentence, the Court has carefully reviewed the PSR that outlines his conduct in connection with the federal sentence he is now serving. *See* PSR ¶¶ 9 – 13. As well, the Court has carefully considered the Amended Sentence Reduction Report prepared by Probation, and has considered his current statutory range, the Guidelines range, and the § 3553(a) factors, which weigh against relief in this case. The Court has also carefully considered the arguments Pipkin raises in his briefs, including (1) post-sentence growth; (2) non-retroactive changes in the law; (3) family support; (4) length of his current sentence; (5) risk of recidivism; and (6) the impact of certain childhood

experiences on Pipkin. ECF No. 439. While considered by the Court, these arguments are not persuasive in light of the offense of conviction and Pipkin's significant criminal history. In light of these considerations and for the reasons stated herein, the Court concludes that a sentence reduction is not appropriate in this case.

### V.     Conclusion

In summary, there are several reasons why the Court has reached this conclusion. These reasons include that (1) he was a large-scale drug dealer involved in a major conspiracy; (2) he was held accountable at sentencing for a crack weight (1.495 kilograms) that would have clearly supported a conviction well above the current threshold amount (280 grams); (3) in addition to the crack weight, he was also held accountable at sentencing for a significant amount of cocaine—37.7 kilograms; (4) his statutory penalties would have been the same if the Fair Sentencing Act had been in place at the time of his sentencing due to the cocaine penalties; (5) he received an obstruction adjustment and lost credit for acceptance of responsibility for falsely denying his drug dealing activities during his trial testimony; (6) he engaged in violent conduct in connection with the instant federal convictions when he attempted to rob another drug dealer at gunpoint; and (7) he has prior cocaine distribution convictions.

For these reasons, the Court concludes that the current sentence of 360 months (30 years) is sufficient, but not greater than necessary, to comply with the purposes of sentencing. Accordingly, no reduction is warranted and Defendant's motion, ECF No. 439, is therefore **DENIED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

January 19, 2024
Columbia, South Carolina